**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5530

TAMMY L. MORAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(CR-95-12-R)

Submitted: July 25, 1996

Decided: August 14, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary Michael Bowman, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Kenneth Martin Sorenson, Assis-
tant United States Attorney, Brendan Chao, Third-year Law Student,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tammy L. Moran pled guilty to knowingly making a false claim against the United States Treasury Department, 18 U.S.C.A. § 287 (West Supp. 1996). She appeals her 33-month sentence, alleging that the district court clearly erred in finding that she did not accept responsibility for her offense. United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994). We affirm.

Moran participated in a scheme to file false tax returns with false W-2 forms. The scheme was devised by two inmates in a Virginia prison, Jimmy Blankenship and Ernest Garraghty, Moran's brother. Moran's part was to receive and mail the false returns and false W-2 forms which were prepared in the prison. She also filed a false return in her own name and received a refund of $3585. Although Moran entered a guilty plea, she maintained that she believed she was legitimately employed by Blankenship and filed her tax return in good faith. She persisted in this story at her sentencing hearing even though Blankenship had given a statement to investigators in which he admitted the scheme and said he told Moran to say she was working for him if she was questioned, and despite incriminating statements she made in a series of recorded telephone calls with Tina LaTempa, another participant who cooperated with investigators.

The district court found that Moran had not accepted responsibility for her criminal conduct. The court also found that she had obstructed justice by lying to a grand jury during the investigation. A sentence reduction for acceptance of responsibility is available to a defendant who truthfully admits the conduct comprising the offense of conviction. USSG § 3E1.1, comment. (n.1(a)). Moran clearly did not meet this test. Moreover, a defendant who receives an adjustment for obstruction of justice ordinarily is not eligible for an acceptance of responsibility adjustment. USSG § 3E1.1, comment. (n.4).

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>